· 23916

In the Matter of Shelton J. PARKER, former Dorchester County
Probate Judge, Respondent.

(437 S.E. (2d) 37)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G.
Bogle, Jr.,* Columbia, *for complainant.*

*Gedney M. Howe, III,* Charleston, *for respondent.*

Submitted July 8, 1993.

Decided Aug. 9, 1993.

*Per Curiam:*

Respondent formerly served as Probate Judge for Dor-
chester County. In this judicial disciplinary matter, respon-
dent admits that while serving as Probate Judge he commit-
ted ethical violations. He consents to a public reprimand. We
accept respondent's admission and publicly reprimand him.

Respondent pled guilty to an information which alleged
he violated 18 U.S.C. § 1341, in that he committed
fraud through the use of the United States mail. Re-
spondent still awaits sentencing. Specifically, respondent was
named Trustee and Personal Representative of an estate in
Berkeley County. Under color of his authority as Personal
Representative and Trustee he deeded all of decedent's inter-
ests in certain real property to himself, and fraudulently in-

duced the widow of the deceased to convey her interest in this property to him. The aforementioned property was valued at approximately $196,100 and purportedly was transferred to respondent in exchange for "$5 dollars love and affection and true consideration." He mortgaged two of these properties and used the loan proceeds of $168,000 for his own use. He then submitted a financial accounting to the probate court of Berkeley County which contained materially false and fraudulent entries to disguise the discrepancies in the accounting.

The crime respondent pled guilty to is a crime of moral turpitude since it involves an element of fraud. *In re Sipes*, 297 S.C. 531, 377 S.E. (2d) 574 (1989) (an act in which fraud is an ingredient involves moral turpitude); *In the Matter of Derrick*, 301 S.C. 367, 392 S.E. (2d) 180 (1990) (breach of trust with fraudulent intent by a judge is a crime of moral turpitude). Accordingly, respondent is guilty of misconduct under Rule 502 (1)(b)(1), SCACR. Since he no longer holds judicial office, the most severe sanction available is a public reprimand. Accordingly, we publicly reprimand respondent for his misconduct.

Public reprimand.